**Shults & Tamm, ALC**
A Law Corporation

**Lissa D. Shults (JD 7910)**
 E-Mail: lshults@shults-tamm.com
**Bradley R. Tamm (JD 7841)**
 E-Mail: btamm@shults-tamm.com
**Melissa A. Miyashiro (JD 9360)**
 E-Mail: mmiyashiro@shults-tamm.com
1164 Bishop Street, Suite 1611
Honolulu, Hawai'i 96813-2816
Telephone (808) 524-4949
Facsimile (808) 524-4844

Attorneys for Dane S. Field,

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| *In re Elaine Dillon Mark*, Debtor.<br><br>DANE S. FIELD,<br><br>Plaintiff,<br><br>v.<br><br>NOWLIN P. CORREA; KUOKOA PROPERTIES, LLC; and NOWLIN PAMAI CORREA also known as N. PAMAI CORREA,<br><br>Defendants. | Case No. 11-BK-01707<br>(Chapter 7)<br><br>**Adversary: 12-AD-90\_\_\_**<br><br><br><br>*Scheduling Conference:*<br>DATE:<br>TIME:<br>JUDGE: Hon. Robert J. Faris |

## COMPLAINT

Plaintiff DANE S. FIELD, as and for his Complaint and causes of action, does hereby allege as follows:

## The Parties

1. Plaintiff DANE S. FIELD is the duly appointed trustee in, and lawful representative of, the bankruptcy of the estate of Elaine Dillon Mark (*In re Mark*, Ch. 7 No. 11-BK-01707 (Bankr. D. Haw.)).

2. Plaintiff is also assignee of Randall N. Mark's, husband of Elaine Dillon Mark, legal and equitable rights, title and interest in the contract which is the subject of this action.

3. Defendant NOWLIN P. CORREA, is, and at all times herein mentioned was, a resident of the City and County of Honolulu, State of Hawaii.

4. Defendant NOWLIN PAMAI CORREA, also known as N. PAMAI CORREA, is, and at all times herein mentioned was, a resident of the City and County of Honolulu, State of Hawaii.

5. Defendant KUOKOA PROPERTIES, LLC, is, and at all times herein mentioned was, a Limited Liability Company organized and existing under the laws of the State of Hawaii with principal offices located in the City and County of Honolulu, State of Hawaii.

6. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, each of the defendants sued herein was the agent and employee of each of the remaining defendants and was at all times acting within the purpose and scope of such agency and employment.

## Jurisdiction

7. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. section 1334.

8. To the extent that this action seeks turnover under 11 U.S.C. § 542 it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E), and therefore the Bankruptcy Court may hear and enter final orders thereon.

9. To the extent that this action contains theories of recovery which are not core as defined by 28 U.S.C. § 157(b)(2), this Court may hear this proceeding pursuant to 28 U.S.C. section 157(c)(1) as those matters at issue are related to a case under Title 11.

10. Plaintiff consents to the entry of final orders by the Bankruptcy Court in all non-core matters.

## Count 1 – Turnover of Property to the Estate

11. Plaintiff realleges all preceding paragraphs as if fully set forth herein.

12. Defendants and each of them, owe and otherwise have a legal obligation to repay the $130,000.00 debt, plus interest – hereinafter the "debt."

13. That debt that is property of the bankruptcy estate and is matured, payable on demand, or payable on order.

14. Defendants shall pay such debt to, or on the order of Plaintiff.

## Count 2 – Breach of Contract

15. Plaintiff realleges all preceding paragraphs as if fully set forth herein.

16. On or about November 8, 2007, in the City and County of Honolulu, State of Hawaii, Elaine Dillon Mark and Randall N. Mark ("Mr. & Mrs. Mark"), and Defendant NOWLIN P. CORREA entered into a written agreement entitled "Note", a copy of which is attached hereto as Exhibit "A" and made a part hereof.

17. Under the terms of the Note, Defendant NOWLIN P. CORREA borrowed the sum of $130,000.00 from Mr. & Mrs. Mark.

18. Mr. & Mrs. Mark delivered the sum to Defendant NOWLIN P. CORREA by way of a cashier's check in the amount of $130,000.00, a copy of which is attached hereto as Exhibit "B" and made a part hereof.

19. The consideration set forth in the Note was fair and reasonable.

20. Mr. & Mrs. Mark performed all conditions, covenants, and promises required by them on their part to be performed in accordance with the terms and conditions of the Note.

21. On or about June 2, 2009, Defendant NOWLIN P. CORREA breached the terms of said Note by failing and refusing to pay any and all amounts due under the Note.

22. By reason of Defendant NOWLIN P. CORREA breach of said Note as herein alleged, Plaintiff has suffered damages in the sum of $130,000.00, plus interest at the legal rate from November 8, 2007.

### Count 3 – Liability of Guarantor

23. Plaintiff realleges all preceding paragraphs as if fully set forth herein.

24. Defendant NOWLIN PAMAI CORREA, executed an unconditional guaranty to serve as guarantor of Defendant NOWLIN P. CORREA's obligations under the Note.

25. The guaranty constitutes a binding and enforceable contract between Defendant NOWLIN PAMAI CORREA and Plaintiff.

26. Defendant NOWLIN PAMAI CORREA has defaulted on his obligations as guarantor.

27. By reason of Defendant NOWLIN PAMAI CORREA breach of the guaranty provision of said Note as herein alleged, Plaintiff has suffered damages in the sum of $130,000.00, plus interest at the legal rate from November 8, 2007.

### Count 4 – Fraud

28. Plaintiff realleges all preceding paragraphs as if fully set forth herein.

29. Defendants and each of them induced Mr. & Mrs. Mark to obtain a home equity line of credit to obtain the $130,000.00 in funds that were lent to Defendants on the Note.

30. Defendants represented that the $130,000.00 Note would be repaid, with interest.

31. Mr. & Mrs. Mark relied on that representation and obtained the funds, secured with a mortgage on their residence.

32. Defendants representations were false.

33. Defendants never intended to repay the debt, in whole or in part.

34. Defendants never made a single payment to Mr. & Mrs. Mark on the Note.

35. By reason of Defendants' false representations, Plaintiff has suffered damages in the sum of $130,000.00, plus interest at the legal rate from November 8, 2007.

## Count 5 – Pierce LLC Veil

36. Plaintiff realleges all preceding paragraphs as if fully set forth herein.

37. On or about May 25, 2004, Defendant KUOKOA PROPERTIES LLC was organized under the laws of the State of Hawaii.

38. At all relevant times herein, Defendants NOWLIN P. CORREA and NOWLIN PAMAI CORREA exercised complete domination of Defendant KUOKOA PROPERTIES, LLC.

39. Defendants NOWLIN P. CORREA and NOWLIN PAMAI CORREA's domination was so complete that Defendant KUOKOA

PROPERTIES, LLC separate entity was ignored so that it primarily transacts the business of Defendants NOWLIN P. CORREA and NOWLIN PAMAI CORREA instead of its own and is thus the other's alter ego.

40. Alternatively, Defendants NOWLIN P. CORREA and NOWLIN PAMAI CORREA'S domination of Defendant KUOKOA PROPERTIES, LLC, was used to commit a fraud or wrong upon Plaintiff's predecessors in interest, Mr. & Mrs. Mark.

### Count 6 – Unjust Enrichment

41. Plaintiff realleges all preceding paragraphs as if fully set forth herein.

42. Defendants, and each of them, would be unjustly enriched if they were permitted to retain the $130,000.00 delivered to Defendant NOWLIN P. CORREA, through his controlled entity, Defendant KUOKOA PROPERTIES, LLC, and guaranteed by Defendant NOWLIN PAMAI CORREA.

43. Defendants therefore have an equitable duty to return the money to Plaintiff.

44. Plaintiff is entitled to the imposition of a constructive trust on the $130,000.00 paid to Defendants, and each of them.

### Count 7 – Punitive Damages

45. Plaintiff realleges all preceding paragraphs as if fully set forth herein.

46. By reason of the willful and malicious conduct of Defendants and each of them, Plaintiff is entitled to an award of punitive or exemplary damages.

47. By reason of said willful and malicious conduct of Defendants and each of them, Plaintiff is entitled to recover his attorneys fees and costs of suit.

## Prayer for Relief

WHEREFORE, Plaintiff DANE S. FIELD prays judgment against Defendants and each of them, as follows:

A. For compensatory damages in the sum of $130,000.00;

B. For interest at the legal rate of 12% per annum on the sum of $130,000 from and after November 8, 2007, in the amount of $70,776.99 through May 21, 2012, and accruing at the rate of $42.74 per day until paid;

C. For consequential and or special damages according to proof;

D. For punitive and or exemplary damages according to proof;

E. For reasonable attorneys' fees according to proof;

F. For costs of suit herein incurred; and

G. For such other and further relief as the court may deem proper.

DATED: May 23, 2012                          *Shults & Tamm, ALC*

                                             _____
                                             LISSA D. SHULTS,
                                             BRADLEY R. TAMM,
                                             MELISSA A. MIYASHIRO

                                             Attorneys for Plaintiff
                                             DANE S. FIELD